**4**
YOUNG & LAZZARINI
KENRICK YOUNG (CSB #236032)
NICHOLAS LAZZARINI (CSB #259247)
770 L Street, Suite 950
Sacramento, California 95814-7717
916.929.6865 (tel)
916.471.0377 (fax)
info@kenrickyoung.com

Attorneys for Creditor Kenny Kwong, an individual

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 20-22156 |
| | Chapter 11 |
| | DCN: KWY-002 |
| EURISKO DEVELOPMENT LLC, | **DECLARATION OF KEVIN TERRY IN SUPPORT OF MOTION FOR "IN REM" RELIEF FROM AUTOMATIC STAY** |
| | (11 U.S.C. § 362 and FRBP 4001) |
| | (LBR 4001-1 and 9014-1(f)(1)) |
| | Date: May 12, 2020 |
| | Time: 2:00 p.m. |
| Debtor. | Place: United States Bankruptcy Court |
| | 501 I Street, 6th Floor, Crtrm. 32 |
| | Sacramento, CA 95814 |
| | Hon. Christopher D. Jaime |

I, Kevin Terry, hereby declare as follows:

1. I am the authorized agent for secured creditor Kenny Kwong (the "Movant") in the above-captioned bankruptcy case. I am over 18 years of age. Unless otherwise set forth herein, I have personal knowledge of the facts set forth herein and, if called to testify, would and could competently testify thereto, except as to those matters stated upon information and belief, which I believe to be true.

2. The subject property here is 9 La Noria, Orinda, California 94563 (APN 262-141-014) (the "Property").

3. Based upon information and belief, on or about March 19, 2019, Premier Money Source, representing a syndicate of investors, provided a loan of $1,135,000 under a First Note and Deed of Trust (the "First DOT") to Eurisko Development LLC, a Nevada limited liability company ("Eurisko") for the purchase of the Property. A true and correct copy of the First DOT is attached to the Index of Exhibits in Support of Motion for Relief from Automatic Stay (the "Exhibits") as Exhibit A.

4. Andre Scott, is the manager and, based upon and information and belief, the 100% owner of Eurisko ("Mr. Scott").

5. On or about May 10, 2019, Movant provided a loan of $278,000 to Mr. Scott, as manager, under a Second Note and Deed of Trust (the "Second DOT") for the purpose of reasonable rehabilitation and renovation of the Property. A true and correct copy of the Second DOT is annexed to the Exhibits as Exhibit B.

6. I am a broker from Twin Rivers Capital, Inc., and I facilitated the Second DOT.

7. Around July 10, 2019 and after closing of the Second DOT, I became aware that Mr. Scott was in default under the First DOT.

8. Mr. Scott also failed to pay any monthly payments due to the Movant under the Second DOT.

9. To prevent a foreclosure by the First DOT, Movant began directly making payments due to the First DOT in July 2019.

10. I, directly or through my agents, conducted several site visits, emailed Mr. Scott, and discussed the budget for the Property with Mr. Scott. In the course of the investigations, I discovered that the work was not being completed with the level of quality originally agreed to, work was being done outside the original scope, or work was not being completed at all. I could not track if any of the approximately $28,000 in advance loan proceeds under the Second DOT was used as represented on the Property.

11. Based upon this investigation and the default on payments to the First DOT, the Movant restricted Mr. Scott from further accessing the funds in the Second DOT, declared a default, and began the foreclosure process.

12. In the months following, the Movant and I worked with Mr. Scott to modify the loan to allow for an independent contractor to complete the work and thereafter sell the Property to repay all outstanding loan balances.

13. On behalf of the Movant, I scheduled a trustee sale to foreclose on the Second DOT on December 11, 2019.

14. On or about December 10, 2019, I received a fax letter from Mr. Scott and the Debtor. A true and correct copy is annexed to the Exhibits as Exhibit C.

15. Upon information and belief, on December 9, 2019, Mr. Scott recorded a deed transferring a 5% interest of the Property to his fiancée, the Debtor (Rosalind Smith). Exhibit C, pp. 23-26, Exhibits.

16. This fraudulent transfer was not authorized by the Movant, and Mr. Scott gave no forewarning of such a transfer.

17. In the schedules, Mr. Scott, as manager of Eurisko, values the Property at $2,000,000. Eurisko owes Movant a principal balance of $278,000.00, accrued interest of $50,429.80, and costs of $6,252.92, or a total debt of $334,682.72, on

DECLARATION OF KEVIN TERRY IN SUPPORT OF
MOTION FOR IN REM RELIEF FROM STAY
- 3 -
YOUNG & LAZZARINI
770 L STREET, SUITE 950
SACRAMENTO, CA 95814-7717
916.929.6865

account of the Second DOT. Eurisko owes the First DOT $1,150,000.00. The total of all liens on the Property are $1,484,682.72 and the total equity is $515,317.28.

18. Each Month, Mr. Scott, as manager, is obligated to pay Movant $3,142.29 on the Second DOT, of which $0.00 is for an impound account. The monthly late charge is $314. Mr. Scott has failed to make any payments on this debt. The total pre-petition payments past due is 10 ($31,422.90) and no post-petition payments due.

19. A notice of default was recorded on August 6, 2019. The notice of sale was published on November 12, 2019.

20. The First DOT and Second DOT, expire by their terms on April 1, 2020 (before the hearing date on this Motion). Currently, the Movant is directly paying the First DOT to avoid late charges, default interest, foreclosure, and/or other possible legal consequences. Movant is not in a position to immediately payoff the entirety of the First DOT.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 23, 2020 at Sacramento, California.

_____
KEVIN TERRY

DECLARATION OF KEVIN TERRY IN SUPPORT OF
MOTION FOR IN REM RELIEF FROM STAY

- 4 -

YOUNG & LAZZARINI
770 L STREET, SUITE 950
SACRAMENTO, CA 95814-7717
916.929.6865