**35**

YOUNG & LAZZARINI
NICHOLAS LAZZARINI (CSB #259247)
KENRICK YOUNG (CSB #236032)
770 L Street, Suite 950
Sacramento, California 95814-7717
916.929.6865 (tel)
916.471.0377 (fax)
info@kenrickyoung.com

Attorneys for Creditor Kenny Kwong, an individual

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Case No. 20-22156 |
| | ) |
| | ) Chapter 11 |
| | ) |
| | ) DCN: KWY-002 |
| | ) |
| | ) **INDEX OF EXHIBITS IN** |
| EURISKO DEVELOPMENT LLC, | ) **SUPPORT OF MOTION FOR** |
| | ) **RELIEF FROM AUTOMATIC** |
| | ) **STAY** |
| | ) (11 U.S.C. § 362 and FRBP 4001) |
| | ) (LBR 4001-1 and 9014-1(f)(1)) |
| | ) |
| | ) Date: May 12, 2020 |
| | ) Time: 2:00 p.m. |
| Debtor. | ) Place: United States Bankruptcy Court |
| | )       501 I Street, 6th Floor, Crtrm. 32 |
| | )       Sacramento, CA 95814 |
| | ) Hon. Christopher D. Jaime |
| | ) |

INDEX OF EXHIBITS IN SUPPORT       - 1 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Fed. R. Bankr. Proc. Rule 4001 and 11 U.S.C. §§ 362(d)(2), Creditor Kenny Kwong, an individual, hereby submits his exhibits in support of his Motion for Relief from Automatic Stay:

| Exhibit No. | Description | Date | Pages |
|---|---|---|---|
| A. | First Note on 9 La Noria, Orinda | 03/19/2019 | 3 – 8 |
| B. | Second Note and DOT on 9 La Noria, Orinda | 05/10/2019 | 9 – 17 |
| C. | Fax from Andre Scott / Debtor | 12/10/2019 | 18 – 29 |
| D. | Excerpts from Eurisko Voluntary Petition (USBC EDC 20-22156) | 02/24/2020 | 30 – 35 |

Date:  April 23, 2020      YOUNG & LAZZARINI

/s/ Kenrick Young

KENRICK YOUNG
Attorney for Creditor
Kenny Kwong

INDEX OF EXHIBITS IN SUPPORT

- 2 -

# EXHIBIT A

# NOTE

CHICAGO TITLE COMPANY
HEREBY CERTIFIES
THIS IS A TRUE COPY OF
THE ORIGINAL

MARCH 19, 2019                    ANAHEIM                CALIFORNIA                Loan Number: 687041
    [Date]                         [City]                  [State]

9 LA NORIA, ORINDA, CALIFORNIA 94563

[Property Address]

## 1.  BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 1,135,000.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is SEE EXHIBIT D ATTACHED HERETO AND MADE A PART HEREOF

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2.  INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of      10.000  %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3.  PAYMENTS

### (A)  Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st  day of each month beginning on MAY 1 2019    . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on APRIL 1, 2020               , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 8180 E. KAISER BLVD, ANAHEIM HILLS, CALIFORNIA 92808

or at a different place if required by the Note Holder.

### (B)  Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 9,458.33
** See attached Interest Only Note Addendum.

## 4.  BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5.  LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit;

and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of         10 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be         10.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep

---

MULTISTATE FIXED RATE NOTE--Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3200  1/01                          Page 2 of 3

*DocMagic eForms*
*www.docmagic.com*

the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

       If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

       If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

EURISKO DEVELOPMENT, LLC, A
NEVADA LIMITED LIABILITY
COMPANY

By: _Andre Scott_ _____ (Seal)
  ANDRE SCOTT, MANAGER     -Borrower

Loan Originator: MARK REYNOLDS, NMLSR ID 121095
Loan Originator Organization: TRIMARK FUNDING INC., NMLSR ID 2100

*[Sign Original Only]*

Loan Number: 687041

# INTEREST-ONLY ADDENDUM
# TO FIXED RATE NOTE

Property Address:  9 LA NORIA, ORINDA, CALIFORNIA 94563

**THIS INTEREST-ONLY ADDENDUM** ("ADDENDUM") is made this          19th          day of
MARCH, 2019          and is incorporated into and intended to form a part of the Fixed Rate Note
(the "Note") dated the same date as this Addendum executed by the undersigned and payable to
SEE EXHIBIT D ATTACHED HERETO AND MADE A PART HEREOF

(the "Lender").

**THIS ADDENDUM** supersedes and replaces Sections 3(A), 3(B), 4, and 6(A) of the Note.  This Addendum
does not supersede, replace or revise any other Section of the Note.

## 3.  PAYMENTS

### (A)  Time and Place of Payments

I will make a payment every month.  This payment will be for interest only for the first    11   months (the
"Interest Only Period"), and then will consist of principal and interest.

I will make my monthly payment on the          1st          day of each month beginning on
MAY, 2019          .  I will make these payments every month until I have paid all of the principal
and interest and any other charges described below that I may owe under this Note.  Each monthly payment will be
applied as of its scheduled due date, and if the payment includes both principal and interest it will be applied to
interest before Principal.  If, on APRIL 1, 2020          , I still owe amounts under this Note, I will pay
those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at  8180 E. KAISER BLVD, ANAHEIM HILLS,
CALIFORNIA 92808

or at a different place if required by the Note Holder.

### (B)  Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 9,458.33          for the first   11   months of
this Note, and thereafter will be in the amount of U.S. $ 1,144,458.33          .  The Note Holder will notify me
prior to the date of change in monthly payment.

## 4.  BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due.  A payment of Principal only
is known as a "Prepayment."  When I make a Prepayment, I will tell the Note Holder in writing that I am doing so.
I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge.  The Note Holder
will use my Prepayments to reduce the amount of Principal that I owe under this Note.  However, the Note Holder
may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my
Prepayment to reduce the Principal amount of the Note.  If I make a partial Prepayment, there will be no changes in
the due date of my monthly payment unless the Note Holder agrees in writing to those changes.

If the partial Prepayment is made during the Interest Only Period, the amount of the monthly payment will
decrease for the remainder of the term when my payments consist only of interest as well as during the time that my
payments consist of principal and interest.  If the partial Prepayment is made during the period when my payments

consist of principal and interest, the amount of my monthly payment will not decrease; however, the principal and the interest required under this Note will be paid prior to the Maturity Date.

## 6.   BORROWER'S FAILURE TO PAY AS REQUIRED

### (A)   Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of          10 calendar days after the date it is due, I will pay a late charge to the Note Holder.  The amount of the charge will be          10.000 % of my overdue payment of interest during the Interest Only Period.  At the end of the Interest Only Period, it will be          10.000 % of my overdue payment of principal and interest.  I will pay this late charge promptly but only once on each late payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Interest Only Addendum to Fixed Rate Note.

EURISKO DEVELOPMENT, LLC, A NEVADA LIMITED LIABILITY COMPANY

By _____          3-22-19          _____
Borrower ANDRE SCOTT, MANAGER   Date          Borrower                                    Date


_____          _____
Borrower                        Date          Borrower                                    Date


_____          _____
Borrower                        Date          Borrower                                    Date

INTEREST ONLY ADDENDUM TO FIXED RATE NOTE
©2010 DOCMAGIC, INC.
FIO.ATN  02/25/10                        Page 2 of 2

DocMagic eForms
www.docmagic.com

Page 8 of 35

# EXHIBIT B

# NOTE SECURED BY A DEED OF TRUST

Loan Number: **STD-9LA-RH**     Date: **05/10/2019**      , California

CHICAGO TITLE COMPANY
HEREBY CERTIFIES THAT
THIS IS A TRUE COPY OF
THE ORIGINAL

**9 La Noria Orinda CA 94563**
Property Address

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$278,000.00** (this amount will be called "principal"), plus interest, to the order of **Kenny Y. Kwong, a married man, as his sole and separate property** (who will be called "Lender"). I understand that the Lender may transfer this Note. The Lender or anyone else who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder(s)."

### 2. INTEREST

I will pay interest at a yearly rate as described in paragraph 3 below.

Interest commences on **05/10/2019**, and, if paragraph 3 reflects more than one interest rate during the loan term, the rate will change on the date which is one (1) calendar month before each Payment Start Date.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

I also agree to pay interest at the rate described in paragraph 3 below on the prepaid finance charges which are a part of the principal.

### 3. PAYMENTS

My payments are ☐ Interest Only ☑ Fully Amortized ☐ Other

I will make my payments each month as follows:

| Number of Payments | Payment Start Dates | Interest Rates | Payment Amounts |
|---|---|---|---|
| 9 | Monthly beginning July 1, 2019 | 13.50% | $3,142.29 |
| 1 | April 1, 2020 | 13.50% | $280,986.68 |

I will make these payments until I have paid all of the principal and interest and any other charges that I may owe under this Note. If on **04/01/2020** (the Due Date) I still owe amounts under this Note (balloon balance), I will pay all those amounts, in full, on that date.

I will make my payments payable to **FCI Lender Services, Inc., 8180 East Kaiser Blvd Anaheim CA 92808**, or at a different place if I am notified by the Note Holder or the Agent for the Note Holder.

### 4. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge For Overdue Payments.** If I do not pay the full amount of each monthly payment by the end of **10** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **10.000%** of my overdue payment or U.S. **$314.23**, whichever is more. I will pay this late charge only once on any late payment.

In the event a balloon payment is delinquent more than 10 days after the date it is due, I agree to pay a late charge in an amount equal to the maximum late charge that could have been assessed with respect to the largest single monthly installment previously due, other than the balloon payment, multiplied by the sum of one plus the number of months occurring since the late payment charge began to accrue.

**(B) Default.** If I do not pay the full amount of each monthly payment due under this Note by the date stated in paragraph 3 above, I will be in default, and the Note Holder may demand that I pay immediately all amounts that I owe under this Note.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(C) Interest on Default.** If Borrower is in default under this Note, as that event is contemplated under this Note, or defaults under any other clause of any document associated with this Note, then the entire unpaid principal balance, at the option of Lender, bear an annual interest rate (instead of the rate specified in paragraph 3) equal to the lesser of (a) Twenty One Percent (21%) or (b) the maximum interest rate allowed by law (the "Default Rate"). If the Maturity Date is accelerated pursuant to Paragraph 3, the unpaid principal shall accrue interest at the Default Rate only until the default is cured and the Deed of Trust is reinstated. Borrower acknowledges and agrees that it would be extremely difficult or impractical to fix the actual damages resulting from borrowers failure to pay the principal, accrued interest and other sums due on the Maturity Date, and therefore Borrower shall pay interest at the Default Rate not as a penalty, but for purposes of defraying the expenses incident to handling the past due principal, accrued interest and other sums due under this Promissory Note. Interest at the Default Rate represents the reasonable estimate of the loss that may be sustained by Lender due to the failure of Borrower to pay the principal, accrued interest and other sums due on the Maturity Date. Interest at the

Default Rate shall be payable by Borrower without prejudice to the rights of Lender to collect any other amounts to be paid under this Promissory Note (including, without limitation, late charges pursuant to Paragraph 4(a), above) or the Deed of Trust.

**(D) Payment of Note Holder's Costs and Expenses.** If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees. A default upon any interest of any Note Holder shall be a default upon all interests.

## 5.  BORROWER'S PAYMENTS BEFORE THEY ARE DUE - PREPAYMENT PENALTIES

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as "prepayment." If I pay all or part of the loan principal before it is due, whether such payment is made voluntarily or involuntarily, I agree to pay a prepayment penalty computed as follows: **Any prepayment of principal in excess of 20% of the unpaid balance will include a penalty not to exceed 6 month(s) interest at the note interest rate but not more than the interest you would be charged if the loan were paid to maturity.**

## 6.  BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 7.  RESPONSIBILITIES OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of the guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that anyone of us may be required to pay all of the amounts owed under this Note.

## 8.  THIS NOTE IS SECURED BY A DEED OF TRUST

In addition to the protection given to the Note Holder under this Note, a Deed of Trust (the "Security Instrument") with a Due-on-Transfer Clause dated the same date of this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in the Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows:

"Lender's Right to Require The Loan to be Paid Off Immediately. If the borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver of the Lender's right to accelerate shall be effective unless it is in writing."

**Eurisko Development LLC,a Nevada limited liability company**

_Andre Scott_    8-10-19
_____    _____
Borrower   **Andre Scott, Manager**          Date          Borrower                    Date

## ASSIGNMENT OF NOTE

Applied Business Software, Inc. (800) 833-3343
Note Secured by Deed of Trust

STD-9LA-RH/9 La Noria Orinda CA
Page 2 of 3

RECORDING REQUESTED BY
**CHICAGO TITLE COMPANY**

**Recording Requested By**
Twin Rivers Capital,Inc

**When Recorded Mail To**
Twin Rivers Capital,Inc
2255 Watt Ave #125
Sacramento CA 95825

Title Order No.
*Fcia - 3861900815*

20199007018500007
**CONTRA COSTA Co Recorder Office**
**JOSEPH CANCIAMILLA, Clerk-Recorder**
**DOC 2019-0070185-00**
**Acct 1051-SIMPLIFILE Chicago Title**
**Wednesday, MAY 15, 2019 11:42:37**
**SB2 $75.00|MOD $7.00|REC $17.00**
**FTC $6.00|DAF $2.70|REF $0.30**
**RED $1.00|ERD $1.00|**
**Ttl Pd $110.00    Nbr-0003467798**
**AAA/RC/1-7**

Space above this line for recorder's use

# DEED OF TRUST

Loan No. **STD-9LA-RH**

    This Deed of Trust, made this **10th** day of **May 2019**, among the Trustor, **Eurisko Development LLC, a Nevada limited liability company** (herein "Borrower"), **California TD Specialists, A California Corporation** (herein "Trustee"), and the Beneficiary, **Kenny Y. Kwong, a married man,as his sole and separate property** (herein "Lender").
    The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

### GRANT IN TRUST

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers, conveys and assigns to Trustee, in trust, with power of sale, the following described property located in the county of **Contra Costa**, State of California: **THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF ORINDA, COUNTY OF CONTRA**
**COSTA, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:**
**PARCEL ONE:**
**PORTION OF LOTS 368, 369 AND 370, AS SHOWN ON THE MAP OF UNIT NO. 3, HACIENDAS DEL ORINDA, FILED FEBRUARY 16, 1925, MAP BOOK 19, PAGE 473, CONTRA COSTA COUNTY RECORDS, MORE PARTICULARLY DESCRIBED AS FOLLOWS:**
**COMMENCING AT A POINT ON THE CENTER LINE OF THE ROAD KNOWN AS LA NORIA, LOCATED THEREON NORTH 61° 20' EAST DISTANT 79 FEET FROM THE MOST SOUTHERLY CORNER OF LOT 370, AS THE SAID ROAD AND LOT ARE SHOWN ON SAID MAP (19 M 473), AND RUNNING THENCE FROM SAID POINT OF COMMENCEMENT ALONG THE CENTER LINE OF THE SAID LA NORIA, THE FOLLOWING COURSES AND DISTANCES: NORTH 61° 20' EAST, 26 FEET, AND NORTHEASTERLY AND TANGENT TO THE LAST MENTIONED COURSE ALONG THE ARC OF A CIRCLE TO THE RIGHT, WITH A RADIUS OF 194 FEET, A DISTANCE OF 49 FEET; THENCE LEAVING THE CENTER LINE OF THE SAID LA NORIA AND RUNNING NORTH 24° 31' 40" WEST, 173.1 FEET; THENCE SOUTHWESTERLY ALONG THE ARC OF A CIRCLE TO THE RIGHT, WITH A RADIUS OF 103 FEET, A DISTANCE OF 5.02 FEET, THE LONG CHORD OF WHICH BEARS SOUTH 54° 00' 12" WEST; THENCE SOUTHWESTERLY ALONG THE ARC OF A COMPOUND CIRCLE TO THE RIGHT, WITH A RADIUS OF 295 FEET, A DISTANCE OF 69.98 FEET, THE LONG CHORD OF WHICH BEARS SOUTH 62° 11' 45" WEST; THENCE SOUTH 24° 29' 20" EAST, 167.35 FEET TO THE POINT OF COMMENCEMENT.**
**PARCEL TWO:**
**PORTION OF LOTS 367, 368 AND 370, AS SHOWN ON THE MAP OF UNIT NO. 3, HACIENDAS DEL ORINDA, FILED FEBRUARY 16, 1925, MAP BOOK 19, PAGE 473, CONTRA COSTA COUNTY RECORDS, MORE PARTICULARLY DESCRIBED AS FOLLOWS:**
**COMMENCING AT A POINT ON THE CENTER LINE OF THE ROAD KNOWN AS LA NORIA, AT THE MOST SOUTHERLY CORNER OF LOT 370, AS THE SAID ROAD AND LOT ARE SHOWN ON SAID MAP (19 M 473), AND RUNNING THENCE FROM SAID POINT OF COMMENCEMENT, ALONG THE CENTER OF THE SAID LA NORIA, NORTH 61° 20' EAST, 79 FEET; THENCE LEAVING THE CENTER LINE OF THE SAID LA NORIA,**

AND RUNNING NORTH 24° 29' 20" WEST, 167.35 FEET; THENCE SOUTHWESTERLY ALONG THE ARC OF A CIRCLE TO THE RIGHT, WITH A RADIUS OF 295 FEET, A DISTANCE OF 73.65 FEET, THE LONG CHORD OF WHICH BEARS SOUTH 76° 08' 37" WEST, TO A POINT ON THE NORTHERLY PRODUCTION OF THE WESTERLY BOUNDARY LINE OF THE SAID LOT 370; THENCE RUNNING ALONG THE NORTHERLY PRODUCTION OF THE SAID WESTERLY BOUNDARY LINE AND CONTINUING ALONG THE SAID WESTERLY BOUNDARY LINE SOUTH 22° 28' 05" EAST, 186.77 FEET TO THE POINT OF COMMENCEMENT.
PARCEL THREE:
RIGHT OF WAY CREATED IN REFERENCE TO PARCELS ONE AND TWO ABOVE IN THE DEED FROM NILS O. EKLUND, JR., ET AL, TO WILLIAM EDWARD KILGO, ET UX, RECORDED JUNE 3, 1959 IN BOOK 3385 OF OFFICIAL RECORDS, PAGE 489, AS FOLLOWS:
"A RIGHT OF WAY (NOT TO BE EXCLUSIVE) FOR USE AS A ROADWAY FOR VEHICLES OF ALL KINDS, PEDESTRIANS AND ANIMALS, FOR WATER, GAS, OIL AND SEWER PIPE LINES AND FOR TELEPHONE, TELEVISION SERVICE, ELECTRIC LIGHT AND POWER LINES, TOGETHER WITH THE NECESSARY POLES OR CONDUITS OVER A PORTION OF LOTS 367 AND 368, AS DESIGNATED ON THE MAP ENTITLED 'UNIT NO. 3, HACIENDAS DEL ORINDA, CONTRA COSTA COUNTY, CALIFORNIA', WHICH MAP WAS FILED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA, ON FEBRUARY 16, 1925 IN VOLUME 19 OF MAPS, AT PAGE 473, BEING OVER A STRIP OF LAND DESCRIBED AS FOLLOWS:
"BEGINNING AT THE NORTHWEST CORNER OF LOT 370, AS DESIGNATED ON SAID MAP (19 MAPS 473); THENCE FROM SAID POINT OF BEGINNING NORTH 87° 49' 50" EAST ALONG THE NORTH LINE OF SAID LOT 370, 34.51 FEET; THENCE NORTH 67° 43' 30" EAST, 63.5 FEET; THENCE NORTH 58° 47' EAST, 26.65 FEET; THENCE NORTH 53° 42' EAST, 31.6 FEET; THENCE NORTH 38° 57' 40" EAST, 58.75 FEET TO THE SOUTHWEST LINE OF A COUNTY ROAD KNOWN AS LA SENDA; THENCE ALONG SAID SOUTHWEST LINE WESTERLY ALONG THE ARC OF A CURVE TO THE LEFT WITH A RADIUS OF 140 FEET, THE CENTER OF WHICH BEARS SOUTH 26° 17' 08" WEST, AN ARC DISTANCE OF 14.87 FEET TO A POINT FROM WHICH THE CENTER OF A REVERSE CURVE TO THE RIGHT WITH A RADIUS OF 175 FEET BEARS NORTH 20° 12' EAST; THENCE NORTHWESTERLY ALONG SAID CURVE TO THE RIGHT WITH A RADIUS OF 175 FEET, AN ARC DISTANCE OF 8.13 FEET TO A POINT FROM WHICH THE CENTER OF SAID CURVE BEARS NORTH 22° 51' 47" EAST; THENCE SOUTH 36° 43' WEST, 50.12 FEET; THENCE SOUTH 53° 42' WEST, 27.72 FEET; THENCE SOUTH 58° 47' WEST, 24.2 FEET; THENCE SOUTH 67° 43' 30" WEST, 33.90 FEET; THENCE NORTH 84° 11' 24" WEST, 29.83 FEET; THENCE SOUTHWESTERLY IN A DIRECT LINE TO THE POINT OF BEGINNING." 262-141-014, which has the address of 9 La Noria Orinda CA 94563 (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:
(a) the repayment of the indebtedness evidenced by Borrower's note (herein "Note") dated 05/10/2019, in the principal sum of U.S. $278,000.00, with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; the performance of the covenants and agreements of Borrower herein contained; and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:
   1. Payments of Principal and/or Interest. Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and/or interest on any Future Advances secured by the Deed of Trust.
   2. Funds for Taxes and Insurance (Impounds). Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments,

if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such an agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

**4. Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine, or at option of Lender the entire amount so collected or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property, and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under the Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust . Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Lender or Trustee.

**11. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), **FCI Lender Services,Inc., 8180 East Kaiser Blvd Anaheim CA 92808** or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15. This Deed of Trust shall be governed by the Laws of the State of California.** In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not effect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

**16. Lender's Right to Require The Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest  therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver or the Lender's right to accelerate shall be effective unless it is in writing.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:

**17. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the

Applied Business Software, Inc. (800) 833-3343
Deed of Trust

STD-9LA-RH/9 La Noria Orinda CA
Page 4 of 7

Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**18. Default.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

**19. Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon, shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

**20. Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed or Trust (and any other documents related thereto) upon the first to occur of the following: 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

**21. Substitution of Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

**23. Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

MISCELLANEOUS PROVISIONS

**24. Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender.

**25. Acceptance by Lender of a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by this Deed of Trust, whether or not such payments are made pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right or remedy contained in this Deed of Trust or provided by law.

---

**REQUEST FOR SPECIAL NOTICE OF DEFAULT AND FORECLOSURE
UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST**

---

In accordance with Section 2924b of the Civil Code, Request is hereby made by the undersigned Trustor that a copy of any default and a copy of any notice of sale under deed of trust recorded in Book _____, Page(s) _____, Instrument No._____, Official Records of County Recorder of _____ County, California. The original Trustor _____ and the original Trustee _____ and the original Beneficiary _____

Mail to:

**IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST**

**Eurisko Development LLC, a Nevada limited liability company**

| | | |
|---|---|---|
| _signature_  5-10-19 | | _____ |
| Borrower  **Andre Scott, Manager**  Date | Borrower | Date |

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of California

County of    Contra Costa

On ___5-10-2019___ before me,    Debbie Town    *Notary Public*,

personally appeared    Andre Scott _____,

_____,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_signature_

Signature _____    (Seal)

> DEBBIE TOWN
> COMM. # 2154468
> NOTARY PUBLIC-CALIFORNIA
> CONTRA COSTA COUNTY
> MY COMM. EXP. MAY 24, 2020

# EXHIBIT C

# Fax

| TO: | Postponement and/or reinstatement | FROM: | Eurisko Development LL/C Andre Scott Rosalind Smith |
|---|---|---|---|
| FAX: | 714-283-2247 | PAGES: | |
| PHONE: | 714-283-2180 | DATE: | December 10, 2019 |
| RE: | Loan #399240279 | CC: | . |

☒ Urgent          ☒ For review          ☒ Please comment          ☒ Please reply          ☐ Please recycle

Comments: TS # 84009          "Cease and Desist"

Hello attached is the request for postponement for 9 la Noria way Orinda. And "Cease and Desist". We have filed a Bankruptcy Chapter 13 and chapter 11. I have retained an attorney. Patricia Rodriguez. I have attached a copy of the filing for you to send to your client. Please be advised that we have made complaint to the Board's that Govern's both Twin Rivers Capitol and your Business. Currently, I am suing FCI for their assistance in Fraudulent acts. We are also in litigation and numerous pending law suits and arbitrations are on the way. Against River City, Cutting Edge, Kevin Terry, Raymond Noble and Kenny Kwong. And future Arbritations, which should have taken Place in the beginning. Please use 916-529-0345 as the best contact number. Thank you very much for your efforts.

Sincerely

Eurisko Development LLC.

Andre Scott

Rosalind Smith

EDC.003-088
Order Re: Chapter 13 Plan Payments, Adequate Protection Payments, and Employer Payment Advices
(v.8.14)

USBC,EDCA

## UNITED STATES BANKRUPTCY COURT
### Eastern District of California

## ORDER RE: CHAPTER 13 PLAN PAYMENTS, ADEQUATE PROTECTION PAYMENTS, AND EMPLOYER PAYMENT ADVICES

| In re | Case Number |
|---|---|
| Rosalind L Smith | **19-27600 – C – 13 G** |
| Debtor(s). | |

**IT IS HEREBY ORDERED:**

1. Plan payments by the debtor to the trustee shall begin the 25th day of the month following the filing of the petition.

2. Beginning the calendar month following the filing of the petition, the adequate protection payments required by 11 U.S.C. §1326(a)(1)(C) and the proposed plan shall be paid by the trustee, not the debtor, to the creditor.

3. If an ongoing mortgage/contract installment payment on a claim classified in Class 1 first falls due after the petition is filed and during the first calendar month of the case, the debtor shall make that installment payment directly to the Class 1 claim holder. The debtor shall provide evidence of all such payments to the trustee at the meeting of creditors.

4. If a contract installment payment on a claim of the type described in 11 U.S.C. §1326(a)(1)(C) first falls due after the petition is filed and during the first calendar month of the case, the debtor shall make the adequate protection payment proposed in the plan directly to the claim holder. If no plan has been filed at the time such installment payment falls due, the debtor shall make the contract installment payment as the adequate protection payment. The debtor shall provide evidence of all such payments to the trustee at the meeting of creditors.

5. Adequate protection payments pursuant to 11 U.S.C. §1326(a)(1)(C) and the proposed plan, will be paid once the claim holder has filed a proof of claim. No adequate protection payments shall be paid for periods prior to the filing of a proof of claim.

6. Employer payment advices or other evidence of payments from an employer shall not be filed with the court. Instead, the documents required by 11 U.S.C.§521(a)(1)(B)(iv) shall be provided by the debtor to the chapter 13 trustee not later than seven (7) days before the date first set for the meeting of creditors.

7. On appropriate motion, and after notice and a hearing, this order may be modified by the court.

Dated:  12/10/19

FOR THE COURT
Wayne Blackwelder Clerk,
BY: shos , Deputy Clerk
U.S. Bankruptcy Court
Robert T Matsui United States Courthouse
501 I Street, Suite 3-200
Sacramento, CA 95814
(916) 930-4400

The Deputy Clerk whose ID appears above certifies that on 12/10/19 , a copy of this order was returned to the filing party.

EDC.002-021    Order Approving Payment of Filing Fee in Installments (v.1.16)                    USBC,EDCA

# UNITED STATES BANKRUPTCY COURT
## Eastern District of California

## ORDER APPROVING PAYMENT OF FILING FEE IN INSTALLMENTS

| In re | Case Number |
|---|---|
| Rosalind L Smith | **19–27600 – C – 13 G** |
| Debtor(s). | |

**To the debtor(s):**

**IT IS ORDERED** that you pay your filing fee of $310.00 in installments on the following dates:

```
$  79.00  on or before  01/09/2020
$  77.00  on or before  02/10/2020
$  77.00  on or before  03/09/2020
$  77.00  on or before  04/08/2020
```

**IT IS FURTHER ORDERED** that until the filing fee is paid in full, you must not make any additional payment or transfer any additional property to an attorney or to anyone else for services in connection with this case.

Dated:  12/10/19

FOR THE COURT
Wayne Blackwelder , Clerk
BY: shes , Deputy Clerk
U.S. Bankruptcy Court
Robert T Matsui United States Courthouse
501 I Street, Suite 3–200
Sacramento, CA 95814
(916) 930–4400

The Deputy Clerk whose signature appears above certifies that on 12/10/19 , a copy of this order was returned to the filing party.

**PLEASE NOTE:** If you made a payment or partial payment when you submitted your petition, please subtract that amount from your last payment. You may pay the filing fee in full before the date the final installment payment is due. The clerk's office does not accept personal checks or electronic checks generated through an online banking service.

**PAYING IN PERSON:** You may make an installment payment at any of our three divisional offices. Cashier's check or money order should be made payable to "Clerk, US Bankruptcy Court." If you plan to pay with cash, please bring the exact amount due, as the clerk's office does not make change.

**PAYING BY MAIL:** You may make installment payments by mailing a cashier's check or money order to the US Bankruptcy Court. If your case is in Sacramento or Modesto, mail your payment to: 501 I Street, Suite 3–200, Sacramento, CA 95814. If your case is in Fresno, mail your payment to: 2500 Tulare Street, Suite 2501, Fresno, CA 93721. If you pay by mail and would like a receipt, you must include a self-addressed stamped envelope. Be sure to include your name, case number, and the words "Filing Fee Installment Payment" on the front of the cashier's check or money order. If your final payment is more than the balance due, you will need to submit your request for refund in writing. Please do not send cash through the mail.

Please note that payments are not accepted by phone or through our eFiling system.

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

Eastern District of California    [ ▼ ]

Case number (*if known*): _____

Chapter you are filing under:
☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
☑ Chapter 13

```
┌─────────────────────────────────────┐
│          ORIGINAL FILED              │
│                                      │
│          DEC 1 0 2019                │
│                                      │
│   UNITED STATES BANKRUPTCY COURT     │
│   EASTERN DISTRICT OF CALIFORNIA     │
└─────────────────────────────────────┘
```

☐ Check if this is an
   amended filing

## Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy    12/17

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| **Part 1:** | **Identify Yourself** |
| --- | --- |

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
| --- | --- | --- |
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | ROSALIND<br>First name<br><br>L<br>Middle name<br><br>SMITH<br>Last name<br><br>_____<br>Suffix (Sr., Jr., II, III) | _____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name<br><br>_____<br>Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br><br>Include your married or maiden names. | _____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name<br><br>_____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name | _____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name<br><br>_____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – 0 4 3 9<br>OR<br>9 xx – xx – ___ ___ ___ ___ | xxx – xx – ___ ___ ___ ___<br>OR<br>9 xx – xx – ___ ___ ___ ___ |

Dec 04 2020 11:25 HP Fax 5102690406

**After Recording Return To:**
Rosalind Smith
9 La Noria way
Orinda, California 94563



CONTRA COSTA Co Recorder Office
DEBORAH COOPER, Clerk-Recorder
**DOC- 2019-0220333-00**
Monday, DEC 09, 2019 11:38:26
$30  $10.00 CPY  $4.00 MOD  $4.00
REC  $14.00 FTC  $3.00 RED  $1.00
ERD  $1.00 SB2  $75.00
TII Pd $112.00    Nbr-0003648320
LLF / RY / 1-4

APN: 262-141-014

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# GRANT DEED

The undersigned Grantor declares that this transfer is exempt from the documentary transfer tax and that the tax owed is $0.00.

Grantor further declares this is a bona fide gift and Grantor receives nothing in exchange. (R&T Code 11911).

THE GRANTOR(S),
- Eurisko Development LLC., Andre Scott, Managing Member,

for and in consideration of: One Dollar ($1.00) and other good and valuable consideration grants

to the GRANTEE(S):
- Five percent (5%) ownership to Rosalind Smith, 9 La Noria way, Orinda, Contra Costa County, California, 94563,

the following described real estate, situated in Orinda, in the County of Contra Costa, State of California:

(LEGAL DESCRIPTION): *See the attached Schedule A*

Subject to existing taxes, assessments, liens, encumbrances, covenants, conditions, restrictions, rights of way and easements of record the grantor hereby covenants with the Grantee(s) that Grantor is lawfully seized in fee simple of the above granted premises and has good right to sell and convey the same.

Tax Parcel Number: 262-141-014

**Grantor Signatures:**

DATED: 12/5/19

Andre Scott, Managing Member, on behalf of
Eurisko Development LLC.
9 La Noria way
Orinda, California, 94563

---

A notary public or other officer completing this certificate verifies only the identity of the
individual(s) who signed the document to which this certificate is attached, and not the
truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA
COUNTY OF SACRAMENTO

On 12/5/19 before me, N. Klausner, notary Public, personally
appeared Andre Scott, Managing Member, on behalf of Eurisko Development LLC., who proved
to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or
the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____ (Notary Seal)
Signature of Notary Public





# EXHIBIT A

**For APN/Parcel ID(s):   262-141-014**

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF ORINDA, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

PARCEL ONE:

PORTION OF LOTS 368, 369 AND 370, AS SHOWN ON THE MAP OF UNIT NO. 3, HACIENDAS DEL ORINDA, FILED FEBRUARY 16, 1925, MAP BOOK 19, PAGE 473, CONTRA COSTA COUNTY RECORDS, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT ON THE CENTER LINE OF THE ROAD KNOWN AS LA NORIA, LOCATED THEREON NORTH 61° 20' EAST DISTANT 79 FEET FROM THE MOST SOUTHERLY CORNER OF LOT 370, AS THE SAID ROAD AND LOT ARE SHOWN ON SAID MAP (19 M 473), AND RUNNING THENCE FROM SAID POINT OF COMMENCEMENT ALONG THE CENTER LINE OF THE SAID LA NORIA, THE FOLLOWING COURSES AND DISTANCES: NORTH 61° 20' EAST, 26 FEET, AND NORTHEASTERLY AND TANGENT TO
THE LAST MENTIONED COURSE ALONG THE ARC OF A CIRCLE TO THE RIGHT, WITH A RADIUS OF 194 FEET, A DISTANCE OF 49 FEET; THENCE LEAVING THE CENTER LINE OF THE SAID LA NORIA AND RUNNING NORTH 24° 31' 40" WEST, 173.1 FEET; THENCE SOUTHWESTERLY ALONG THE ARC OF A CIRCLE TO THE RIGHT, WITH A RADIUS OF 103 FEET, A DISTANCE OF 5.02 FEET, THE LONG CHORD OF WHICH BEARS SOUTH 54° 00' 12" WEST; THENCE SOUTHWESTERLY ALONG THE ARC OF A COMPOUND CIRCLE TO THE RIGHT, WITH A RADIUS OF 295 FEET, A DISTANCE OF 69.98 FEET, THE LONG CHORD OF WHICH BEARS SOUTH 62° 11' 45" WEST; THENCE SOUTH 24° 29' 20" EAST, 167.35 FEET TO THE POINT OF COMMENCEMENT.

PARCEL TWO:

PORTION OF LOTS 367, 368 AND 370, AS SHOWN ON THE MAP OF UNIT NO. 3, HACIENDAS DEL ORINDA, FILED FEBRUARY 16, 1925, MAP BOOK 19, PAGE 473, CONTRA COSTA COUNTY RECORDS, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT ON THE CENTER LINE OF THE ROAD KNOWN AS LA NORIA, AT THE MOST SOUTHERLY CORNER OF LOT 370, AS THE SAID ROAD AND LOT ARE SHOWN ON SAID MAP (19 M 473), AND RUNNING THENCE FROM SAID POINT OF COMMENCEMENT, ALONG THE CENTER OF THE SAID LA NORIA, NORTH 61° 20' EAST, 79 FEET; THENCE LEAVING THE CENTER LINE OF THE SAID LA NORIA, AND RUNNING NORTH 24° 29' 20" WEST, 167.35 FEET; THENCE SOUTHWESTERLY ALONG THE ARC OF A CIRCLE TO THE RIGHT, WITH A RADIUS OF 295 FEET, A DISTANCE OF 73.65 FEET, THE LONG CHORD OF WHICH BEARS SOUTH 76° 08' 37" WEST, TO A POINT ON THE NORTHERLY PRODUCTION OF THE WESTERLY BOUNDARY LINE OF THE SAID LOT 370; THENCE RUNNING ALONG THE NORTHERLY PRODUCTION OF THE SAID WESTERLY BOUNDARY LINE AND CONTINUING ALONG THE SAID WESTERLY BOUNDARY LINE SOUTH 22° 28' 05" EAST, 186.77 FEET TO THE POINT OF COMMENCEMENT.

PARCEL THREE:

RIGHT OF WAY CREATED IN REFERENCE TO PARCELS ONE AND TWO ABOVE IN THE DEED FROM NILS O. EKLUND, JR., ET AL, TO WILLIAM EDWARD KILGO, ET UX, RECORDED JUNE 3, 1959 IN BOOK 3385 OF OFFICIAL RECORDS, PAGE 489, AS FOLLOWS:

"A RIGHT OF WAY (NOT TO BE EXCLUSIVE) FOR USE AS A ROADWAY FOR VEHICLES OF ALL

# EXHIBIT A
### (continued)

KINDS, PEDESTRIANS AND ANIMALS, FOR WATER, GAS, OIL AND SEWER PIPE LINES AND FOR TELEPHONE, TELEVISION SERVICE, ELECTRIC LIGHT AND POWER LINES, TOGETHER WITH THE NECESSARY POLES OR CONDUITS OVER A PORTION OF LOTS 367 AND 368, AS DESIGNATED ON THE MAP ENTITLED 'UNIT NO. 3, HACIENDAS DEL ORINDA, CONTRA COSTA COUNTY, CALIFORNIA', WHICH MAP WAS FILED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA, ON FEBRUARY 16, 1925 IN VOLUME 19 OF MAPS, AT PAGE 473, BEING OVER A STRIP OF LAND DESCRIBED AS FOLLOWS:

"BEGINNING AT THE NORTHWEST CORNER OF LOT 370, AS DESIGNATED ON SAID MAP (19 MAPS 473); THENCE FROM SAID POINT OF BEGINNING NORTH 87° 49' 50" EAST ALONG THE NORTH LINE OF SAID LOT 370, 34.51 FEET; THENCE NORTH 67° 43' 30" EAST, 63.5 FEET; THENCE NORTH 58° 47' EAST, 26.65 FEET; THENCE NORTH 53° 42' EAST, 31.6 FEET; THENCE NORTH 38° 57' 40" EAST, 58.75 FEET TO THE
SOUTHWEST LINE OF A COUNTY ROAD KNOWN AS LA SENDA; THENCE ALONG SAID SOUTHWEST LINE WESTERLY ALONG THE ARC OF A CURVE TO THE LEFT WITH A RADIUS OF 140 FEET, THE CENTER OF WHICH BEARS SOUTH 26° 17' 08" WEST, AN ARC DISTANCE OF 14.87 FEET TO A POINT FROM WHICH THE CENTER OF A REVERSE CURVE TO THE RIGHT WITH A RADIUS OF 175 FEET BEARS NORTH 20° 12' EAST; THENCE NORTHWESTERLY ALONG SAID CURVE TO THE RIGHT WITH A RADIUS OF 175 FEET, AN ARC DISTANCE OF 8.13 FEET TO A POINT FROM WHICH THE CENTER OF SAID CURVE BEARS NORTH 22° 51' 47" EAST; THENCE SOUTH 36° 43' WEST, 50.12 FEET; THENCE SOUTH 53° 42' WEST, 27.72 FEET; THENCE SOUTH 58° 47' WEST, 24.2 FEET; THENCE SOUTH 67° 43' 30" WEST, 33.90 FEET; THENCE NORTH 84° 11' 24" WEST, 29.83 FEET; THENCE SOUTHWESTERLY IN A DIRECT LINE TO THE POINT OF BEGINNING."

EXCEPTING FROM PARCEL THREE:

THOSE PORTIONS THEREOF LYING WITHIN THE LINES OF PARCELS ONE AND TWO ABOVE DESCRIBED.

**Fill in this information to identify the case:**

Debtor name   EURISKO DEVELOPMENT LLC.

United States Bankruptcy Court for the:   EASTERN      District of CA
                                                         (State)

Case number (if known):

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   - ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   - ☐ Yes. Fill in all of the information below.

**Part 1:**   List Creditors Who Have Secured Claims

2. List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|
| **2.1** Creditor's name<br>KENNY KWONG FCI TWIN RIVER | Describe debtor's property that is subject to a lien<br>SINGLE FAMILY RESIDENCE | $ 220,000.00 | $ 2,000,000.00 |

**2.1** Creditor's name
KENNY KWONG FCI TWIN RIVER

Creditor's mailing address
2255 WATT AVE #125

Describe debtor's property that is subject to a lien
SINGLE FAMILY RESIDENCE     $ 220,000.00    $ 2,000,000.00

Describe the lien
DEED OF TRUST

Creditor's email address, if known
KEVIN@TWINRIVERSR.COM

Is the creditor an insider or related party?
- ☐ No
- ☐ Yes

Date debt was incurred   05/10/2019

Is anyone else liable on this claim?
- ☐ No
- ☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

Last 4 digits of account number   0279

Do multiple creditors have an interest in the same property?
- ☐ No
- ☐ Yes. Specify each creditor, including this creditor, and its relative priority.

As of the petition filing date, the claim is:
Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**2.2** Creditor's name
FCI 800-931-2424

Creditor's mailing address
PO BOX 27370

Describe debtor's property that is subject to a lien
SINGLE FAMILY HOME     $ 1,150,000.00    $ 2,000,000.00

Describe the lien
DEED OF TRUST

Creditor's email address, if known

Is the creditor an insider or related party?
- ☑ No
- ☐ Yes

Date debt was incurred   04/15/2019

Is anyone else liable on this claim?
- ☑ No
- ☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

Last 4 digits of account number   4141

Do multiple creditors have an interest in the same property?
- ☐ No
- ☑ Yes. Have you already specified the relative priority?
  - ☑ No. Specify each creditor, including this creditor, and its relative priority.
    FCI 1ST KENY KWONG 2ND
  - ☐ Yes. The relative priority of creditors is specified on lines ____

As of the petition filing date, the claim is:
Check all that apply.
- ☐ Contingent
- ☑ Unliquidated
- ☐ Disputed

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.      $ 1,370,000.00

Debtor EURISKO DEVELOPMENT LLC.
Name

Case number (if known)_____

| Part 1: | Additional Page | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

**2._ Creditor's name**

Describe debtor's property that is subject to a lien

_____  $_____  $_____
_____
**Creditor's mailing address**  _____

_____
_____  **Describe the lien**
_____

**Creditor's email address, if known**  **Is the creditor an insider or related party?**
❏ No
_____  ❏ Yes

**Is anyone else liable on this claim?**
**Date debt was incurred** _____  ❏ No
**Last 4 digits of account**  ❏ Yes. Fill out Schedule H: Codebtors (Official Form 206H).
**number** __ __ __ __

**As of the petition filing date, the claim is:**
**Do multiple creditors have an interest in the same property?**  Check all that apply.
❏ No  ❏ Contingent
❏ Yes. Have you already specified the relative  ❏ Unliquidated
priority?  ❏ Disputed
❏ No. Specify each creditor, including this
creditor, and its relative priority.
_____
_____
_____

❏ Yes. The relative priority of creditors is
specified on lines _____

**2._ Creditor's name**

Describe debtor's property that is subject to a lien

_____  $_____  $_____
**Creditor's mailing address**
_____

_____
_____  **Describe the lien**
_____

**Creditor's email address, if known**  **Is the creditor an insider or related party?**
❏ No
_____  ❏ Yes

**Is anyone else liable on this claim?**
**Date debt was incurred** _____  ❏ No
**Last 4 digits of account**  ❏ Yes. Fill out Schedule H: Codebtors (Official Form 206H).
**number** __ __ __ __

**As of the petition filing date, the claim is:**
**Do multiple creditors have an interest in the same property?**  Check all that apply.
❏ No  ❏ Contingent
❏ Yes. Have you already specified the relative  ❏ Unliquidated
priority?  ❏ Disputed
❏ No. Specify each creditor, including this
creditor, and its relative priority.
_____
_____
_____

❏ Yes. The relative priority of creditors is
specified on lines _____

Debtor    EURISKO DEVELOPMENT LLC.
           Name

Case number (if known) _____

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |

Form 206D          Official Part 2 of Schedule D: Creditors Who Have Claims Secured by Property          page ___ of ___

# EXHIBIT D



**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Eastern _____ District of California
                    (State)

Case number *(if known)*: 20 - 22156    Chapter 11

PDES

FILED

APR 21 2020

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

FEE NOT PAID

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    4/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   EURISKO DEVELOPMENT LLC.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**

   2 6 – 2 1 9 5 2 5 2

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | 4517 SIERRA WAY | |
   | Number    Street | Number    Street |
   | | P.O. Box |
   | FAIR OAKS        CA    95628 | |
   | City        State    ZIP Code | City        State    ZIP Code |
   | | **Location of principal assets, if different from principal place of business** |
   | SACRAMENTO | |
   | County | Number    Street |
   | | |
   | | City        State    ZIP Code |

5. **Debtor's website (URL)**

6. **Type of debtor**

   ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding  LLP)
   ☐ Other. Specify: _____



Debtor    **EURISKO DEVELOPMENT LLC.**
         Name                                Case number *(if known)*_____

**7. Describe debtor's business**

**A.** *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

     2    3    6    1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

     ☑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ A plan is being filed with this petition.

     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes. District _____ When ___/___/_____ Case number _____
                                           MM / DD / YYYY

            District _____ When ___/___/_____ Case number _____
                                           MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☑ No

☐ Yes. Debtor _____ Relationship _____

            District _____ When ___/___/_____
                                            MM / DD / YYYY

            Case number, if known _____

❏ Check if this is an
amended filing

**Fill in this information to identify the case:**

Debtor name __EURISKO DEVELOPMENT LLC.__

United States Bankruptcy Court for the: __EASTERN__          District of __CA__
                                                                    (State)

Case number (If known): _____

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy          04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

## Part 1:      Income

1. **Gross revenue from business**

   ❏ None

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   |---|---|---|---|---|
   | **From the beginning of the fiscal year to filing date:** | From __12/1/2019__<br>MM / DD / YYYY  to | Filing date | ❏ Operating a business<br>☑ Other _____ | $ ___25,000.00 |
   | **For prior year:** | From _____<br>MM / DD / YYYY  to | _____<br>MM / DD / YYYY | ❏ Operating a business<br>❏ Other _____ | $ _____ |
   | **For the year before that:** | From _____<br>MM / DD / YYYY  to | _____<br>MM / DD / YYYY | ❏ Operating a business<br>❏ Other _____ | $ _____ |

2. **Non-business revenue**

   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ❏ None

   | | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   |---|---|---|---|---|
   | **From the beginning of the fiscal year to filing date:** | From __1/01/2019__<br>MM / DD / YYYY  to | Filing date | PERSONAL LOANS | $ ___20,000.00 |
   | **For prior year:** | From _____<br>MM / DD / YYYY  to | _____<br>MM / DD / YYYY | _____ | $ _____ |
   | **For the year before that:** | From _____<br>MM / DD / YYYY  to | _____<br>MM / DD / YYYY | _____ | $ _____ |

Fill in this information to identify the case:

Debtor name __EURISKO DEVELOPMENT LLC.__

United States Bankruptcy Court for the: __EASTERN__          District of __CA__
                                                                    (State)

Case number (If known): _____

☐ Check if this is an
   amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property          12/15

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☐ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

|  | | Column A<br>**Amount of claim**<br>Do not deduct the value<br>of collateral. | Column B<br>**Value of collateral**<br>**that supports this**<br>**claim** |
|---|---|---|---|

**2.1**  **Creditor's name**
KENNY KWONG FCI TWIN RIVER

**Creditor's mailing address**
2255 WATT AVE #125

**Creditor's email address, if known**
KEVIN@TWINRIVERSR.COM

**Date debt was incurred** __05/10/2019__
**Last 4 digits of account number** __0279__ __ __ __

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**Describe debtor's property that is subject to a lien**
SINGLE FAMILY RESIDENCE

**Describe the lien**
DEED OF TRUST

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Column A: $ 220,000.00     Column B: $ 2,000,000.00

**2.2**  **Creditor's name**
FCI 800-931-2424

**Creditor's mailing address**
PO BOX 27570

**Creditor's email address, if known**

**Date debt was incurred** __04/15/2019__
**Last 4 digits of account number** __4141__ __ __ __

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes. Have you already specified the relative priority?
   ☑ No. Specify each creditor, including this creditor, and its relative priority.
      FCI 1ST KENY KWONG 2ND
   ☐ Yes. The relative priority of creditors is specified on lines ___

**Describe debtor's property that is subject to a lien**
SINGLE FAMILY HOME

**Describe the lien**
DEED OF TRUST

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☑ Unliquidated
☐ Disputed

Column A: $ 1,150,000.00     Column B: $ 2,000,000.00

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**     $ 1,370,000.00

**Fill in this information to identify the case:**

Debtor name   EURISKO DEVELOPMENT LLC.

United States Bankruptcy Court for the:   EASTERN    District of   CA
                                                        (State)

Case number (If known): _____

☐ Check if this is an
amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders      12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | CUTTING EDGE GENERAL CONTRACTING 650 DEL VERDI CIRCLE #8 SACARMENTO CA95833 | JERMAINE CLARK 916-203-9292 JCLARKE@THINKTANKFINACIAL.COM | UN AUTHORIZED PROFESSIONAL SERVICES | DISPUTED | 0 | 14,000 | 14,000 |
| 2 | CARLOS FLOORING | 415-215-8132 | PROFESSIONAL SERVICES | CONTIGENT | 0 | 0 | 6000 |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |