**5**
YOUNG & LAZZARINI
NICHOLAS LAZZARINI (CSB #259247)
KENRICK YOUNG (CSB #236032)
770 L Street, Suite 950
Sacramento, California 95814-7717
916.929.6865 (tel)
916.471.0377 (fax)
info@kenrickyoung.com

Attorneys for Creditor Kenny Kwong, an individual

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 20-22156 |
| | Chapter 11 |
| | DCN: NUU-1 |
| EURISKO DEVELOPMENT LLC, | **OPPOSITION TO MOTION FOR RELIEF FROM ORDER DISMISSING CASE** |
| | Date: June 2, 2020 |
| | Time: 9:30 a.m. |
| | Place: United States Bankruptcy Court |
| |      501 I Street, 6th Floor, Crtrm. 32 |
| |      Sacramento, CA 95814 |
| Debtor. | Hon. Christopher D. Jaime |

Creditor Kenny Kwong, an individual (the "Mr. Kwong"), hereby opposes the Motion for Relief from Order Dismissing Case filed on May 22, 2020 (Docket # 44) (the "Motion") by Debtor Eurisko Development LLC ("Eurisko").

**FACTS**

Debtor Eurisko Development LLC, a Nevada limited liability company, filed its petition for relief under Chapter 11 of Title 11 of the United States Code on April 21, 2020 (the "Petition"). (Docket # 1).

Eurisko, a business entity, was not represented by counsel at the time it filed its Petition as required by Eastern District of California Local Rule 183(a).

On April 23, 2020, the Court issued an Order to Show Cause why this bankruptcy case should not be dismissed due to Eurisko's failure to file with or be represented by counsel. (Docket # 7).

Eurisko failed to retain counsel before the deadline set by the Court and on May 12, 2020, the Court sustained its Order to Show Cause and dismissed Eurisko's bankruptcy case. (Docket # 34).

Eurisko now brings this Motion on shortened time seeking relief from the Court's order of dismissal. (Docket ## 42-46).

In its Motion, Eurisko notes, "[w]hile it may be argued that there is no mistake, inadvertence and [sic] surprise, the court can vacate its order of dismissal based on 'any other reason justifying relief'. [Mr. Kwong]'s unfair and fraudulent practices and violation of the State's Emergency Order against Foreclosure are enough justification to grant this motion... In addition, failure to grant the relief will cause greater hardship to debtor. Debtor argues that the facts presented are sufficient to justify the relief requested. Further, debtor argues that vacating this order of dismissal will not prejudice the court in any respect and not vacating the Order would work grave hardship to the debtor." Motion, p. 5:3-10.

//

## DISCUSSION

Fed. Rule Civ. Proc. ("FRCP") Rule 60, made applicable via Fed. Rule Bankr. Proc. ("FRBP") Rule 9024, allows the Court to grant relief to a party from a final judgment or order under certain, limited circumstances.

To the extent Eurisko is moving for relief pursuant to FRCP Rule 60(b)(1), it fails to identify any mistake, act of inadvertence, or surprise that would entitle Eurisko to the relief sought. Motion, p. 5:3-10. Similarly, the Declaration of Andre Scott in Support of the Motion does not describe any mistake, inadvertence, or surprise that would constitute a basis for relief under FRCP Rule 60(b)(1). *See In re Sears* 102 B.R. 781, 783-784 (Bankr.S.D.Cal. 1989); *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-1224 (9th Cir. 2000). As such, Eurisko is not entitled to relief under FRCP Rule 60(b)(1) here as there has been no "mistake, inadvertence, surprise, or excusable neglect." FRCP Rule (60)(b)(1).

Relief pursuant to FRCP Rule 60(b)(6), again made applicable via FRBP Rule 9024, is to be granted "'sparingly as an equitable remedy to prevent manifest injustice.' The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. State of Washington, et al.*, 98 F.3d 1159, 1163 (9th Cir. 1996) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). Relief under FRCP Rule 60(b)(6) should be granted only where "extraordinary circumstances prevented a litigant from seeking earlier, more timely relief." *United States v. Alpine*, 984 F.2d at 1049. "[R]elief normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." *Id.*

Here, Eurisko's Motion is long on injury and short on actions to protect its interests. Both the motion and the supporting declaration provide great detail on the circumstances underlying the loan transaction and the harm to Eurisko if relief is not

OPPOSITION TO MOTION
FOR RELIEF

- 3 -

YOUNG & LAZZARINI
770 L STREET, SUITE 950
SACRAMENTO, CA 95814-7717
916.929.6865

granted, but neither detail why Eurisko could not have taken timely action to prevent that harm. *See* Motion, pp. 1-4.

The Court issued its Order to Show Cause Why Case Should Not Be Dismissed on April 23, 2020 for Eurisko's failure to retain an attorney to file its Chapter 11 Petition in violation of Eastern District Court Local Rule 183(a). (Docket # 7). On May 5, 2020, the Court issued an Order Conditionally Sustaining Order to Show Cause, noting that Eurisko still had not retained counsel and ordering the above-captioned bankruptcy case to be dismissed if counsel for Eurisko failed to enter an appearance before 9:30 am on May 12, 2020. (Docket # 24).

Eurisko failed to retain counsel for its business entity Chapter 11 prior to the deadline and its bankruptcy case was dismissed following hearing on May 12, 2020. (Docket # 34).

Eurisko had nineteen (19) days between issuance of the original Order to Show Cause until dismissal on May 12, 2020. Neither the Motion nor the supporting declaration provide <u>any</u> explanation or justification for Eurisko's failure to comply with the Court's April 23, 2020 Order, much less the type of extraordinary circumstance warranting relief under FRCP Rule 60(b)(6). *Alexander v. Bleau*, 183 B.R. 195, 197 (BAP 9th Cir. 1995) (moving party bears the burden of establishing extraordinary circumstances).

Eurisko failed to act timely during lengthy period it was subject to the Order to Show Cause. Eurisko was not prevented from acting due to illness or incarceration. *See Klapprott v. United States*, 335 U.S. 601 (1949). Instead, absent other explanation, it is reasonable to infer Eurisko's failure to act was either tactical or dilatory. *See Ackermann v. United States*, 340 U.S. 193 (1950). That the result was ultimately unfavorable to Eurisko does not entitle it to a second bite at the apple. *Alexander*, 183 B.R. at 198; *Alpine*, 984 F.2d at 1049 ("[R]elief normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests.").

OPPOSITION TO MOTION
FOR RELIEF

YOUNG & LAZZARINI
770 L STREET, SUITE 950
SACRAMENTO, CA 95814-7717
916.929.6865

- 4 -

## **CONCLUSION**

For the reasons set forth above, Eurisko's Motion should be DENIED.

Eurisko is not entitled to relief from the Court's May 12, 2020 Order sustaining the Order to Show Cause and dismissing this bankruptcy case. Eurisko has failed to set forth any facts establishing relief should be granted pursuant to FRCP Rule 60(b)(1) or (b)(6) for its negligent, mistaken, and/or willful failure to act.

Date: May 26, 2020					YOUNG & LAZZARINI


						/s/ Nicholas Lazzarini
						_____
						NICHOLAS LAZZARINI
						Attorney for Creditor
						KENNY KWONG

OPPOSITION TO MOTION
FOR RELIEF
-5-
YOUNG & LAZZARINI
770 L STREET, SUITE 950
SACRAMENTO, CA 95814-7717
916.929.6865